UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PANKTI PATEL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>AMERICAN PROFIT RECOVERY, INC.<br><br>      Defendant. | Docket No. 1:25-cv-10022<br><br>**CLASS ACTION COMPLAINT**<br>DEMAND FOR JURY TRIAL |

Plaintiff **Pankti** Patel (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, against American Profit Recovery, Inc., (hereinafter referred to as "APR" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §§ l692(b) and 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## NATURE OF THE ACTION

2

5. Plaintiff brings this class action on behalf of a class of Michigan consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Michigan in the County of Isabella.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service c/o its registered agent, Jeff Spurgess, located at 34505 W 12 Mile Road Ste 333, Farmington Hills, Michigan.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in Michigan;

    b. to whom Defendant sent a collection letter;

    c. stating the amount of the balance owed;

    d. and sent supporting validation documentation;

    e. stating a different amount of the balance owed from the collection letter;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

The Sub-Class consists of:

    a. all individuals with addresses in Michigan;

    b. to whom Defendant sent a collection letter;

    c. that included an amount of interest accrued since charge-off that was greater than zero;

    d. that was unreasonably excessive;

    e. for the time period that interest was charged;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and

their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692d, § l692e, § l692f, and § l692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers violate 15 U.S.C. § 1692d, § 1692e, § 1692f and § 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because

individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to November 3, 2023, an obligation was allegedly incurred to the creditor, Neat & Green Lawn Care ("NGLC").

21. NGLC is a "creditor" as the term is defined by 15 U.S.C. 1692(a)(4).

22. Upon information and belief, NGLC contracted Defendant to act as their agent in collecting the subject debt from Plaintiff.

23. The subject debt was incurred by Plaintiff solely for personal, household or family purposes, specifically for lawn maintenance services.

24. Thus the Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

25. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

26. Defendant was contracted for the purpose of collecting the subject debt on behalf of the creditor. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

<em><u>Violations – January 3, 2024 Collection Letter</u></em>

<em><u>Excessive Interest</u></em>

27. On or about November 3, 2023, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to NGLC. *See* "Initial Notice" attached hereto as Exhibit A.

28. The Plaintiff disputes the existence of this alleged debt.

29. The Letter states in relevant part (Exhibit A): "As of the date of this letter, your balance is $2,335.01." *See* Exhibit A.

30. There was no interest charged for the debt as the Letter further stated in relevant part:

>  Creditor:   Neat & Green Lawn Care
> 4699 E Airport Road
> Mt. Pleasant, MI 48858
>
> Balance:    $2,335.01

*See* Exhibit A.

31. On or about January 3, 2024, Defendant sent Plaintiff a second letter along with supporting validation documentation in order to attempt to "validate the debt." *See* Letter 2 attached hereto as Exhibit B.

32. Letter 2 states in relevant part as follows:

> Creditor:  Neat & Green Lawn Care
> 4699 E Airport Road
> Mt. Pleasant, MI 48858
>
> Principal: $2,335.01
>
> Interest:   $322.10
>
> **Balance:   $2,657.11**

*See* Exhibit B.

33. In a very short time period, between November 3, 2023 and January 3, 2024 the Defendant charged $322.10 in interests - 13.8% of the principal debt.

34. To charge almost 14 percent of the principal debt as interest for the brief period of two (2) months is excessively high and beyond the legal amount to be charged for interest.

35. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inconsistent, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

36. Defendant created an ambiguous, confusing, and misleading collection notice which made it difficult for Plaintiff to understand the nature of the subject debt.

37. Further, to charge such a high excessive interest rate for such a short period of time is abusive and/or oppressive debt practice.

<em><u>Validation States Inconsistent Amount for Balance</u></em>

38. Letter 2, dated January 3, 2024, came with supporting documentation to validate the debt.

39. The letter states in relevant part as follows: "Attached is the supporting documentation." *See* Exhibit B.

40. The supporting documentation that was sent for purpose to validate the debt, is a statement from NGLC dated September 30, 2020 that states the outstanding balance owed is the amount of **$7,282.51**. *Id.* at page 2.

41. The outstanding balance on the supporting documentation is wholly inconsistent with the principal balance stated on Defendant's 11/03/2023 and 01/03/2024 collection letters - $2,335.01.

42. The validation in no way supports the Defendant's collection of the $2,335.01 (principal) as the supporting document states an amount that exceeds the amount on the collection letters by **$4,947.50**.

43. The amounts are so divergent that the Plaintiff is fully justified for having doubts and even disbelief as to the validity and veracity of the debt.

44. The validation confused and misled the Plaintiff, due to the inconsistent debt amounts between Letter 1/Letter 2 and the supporting documentation attached with Letter 2 as validation.

45. Congress implemented specific laws requiring the debt collector to communicate to the consumer the outstanding balance of the debt.

46. In the present case at hand, Defendant has failed to do so, by providing an amount in its validation document, almost five thousand dollars more than the amount Defendant is attempting to collect from the Plaintiff.

47. As a result, Plaintiff incurred an injury as Defendant misrepresented the balance due by providing wholly inconsistent balances in its collection letter and validation.

48. Defendant stating inconsistent amounts between the collection letters and the validation document can lead the consumer to multiple interpretations of the alleged debt.

49. One consumer may reasonably understand that if she pays the stated "current balance" she will satisfy her debt in full.

50. Another consumer may reasonably understand that paying the stated amount at a later date would not in fact satisfy her debt in full as the debt is truthfully far greater, as stated on validation document.

51. Another consumer may have doubts as to the validity of the debt at all because it's possible that the debt had been paid in full.

52. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

53. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

54. Now, consumers have a right to receive proper notice of the amount of debt due. When a debt collector fails to effectively inform the consumer of the

amount of debt due, in violation of the law, the debt collector has harmed the consumer.

55. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

56. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

57. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff did not have accurate information as to the outstanding balance for the alleged debt.

58. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

59. Plaintiff has suffered harm in the form of emotional distress and severe anxiety.

60. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

63. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

64. Defendant violated § 1692d:

   a. by charging Plaintiff excessively high interest for a two (2) month period;

   b. and by stating inconsistent balances between Letter 1/Letter 2 and validation document.

65. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

66. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated § 1692e:

   a. by making a false and misleading representation in violation of § 1692e(10).

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

# COUNT III
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692f *et seq.***

71.  Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72.  Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

73.  Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

74.  Additionally, § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

75.  Defendant violated § 1692f:

   a.  by charging Plaintiff excessively high interest for a two (2) month period;

   b.  and by stating inconsistent balances on the collection letters and validation document.

   c.  and by failing to maintain policies and procedures that were reasonably calculated to prevent Defendant from making collection

communications that are not supported by validation documentation.

76. By reason thereof, Defendant is liable to Plaintiff and the Class members for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g et seq.

77. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

78. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

79. Pursuant to 15 U.S.C. § 1692g(a), a debt collector must provide notice of a debt, including the amount of the debt.

80. Defendant violated § 1692g(a):

   a. as the collection letters states an amount wholly inconsistent with the supporting validation documentation.

17

81. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

82. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pankti Patel, individually and on behalf of all others similarly situated, demands judgment from Defendant American Profit Recovery, Inc. as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.     Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5.     Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6.     Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7.     Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated: January 3, 2025               Respectfully Submitted,

/s/Adam G. Taub
By: Adam G. Taub, Esq.
**Adam G. Taub & Associates, Consumer Law Group PLC**
17200 W Ten Mile Road, Ste. 200
Southfield, MI 48075
(248) 746-3790
adamgtaub@clgplc.net

/s/ Yaakov Saks
By:  Yaakov Saks, Esq.
**Stein Saks PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07761
Phone: (201)282-6500

Fax: (201)282-6501
ysaks@steinsakslegal.com

*Attorneys for Plaintiff*